UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

| | |
|---|---|
| COR CLEARING, LLC, a Delaware limited liability company,<br><br>  Plaintiff,<br><br>v.<br><br>DAVID H. JARVIS, an individual,<br><br>  Defendant. | Case No. 8:13-cv-292<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT**

Plaintiff COR Clearing, LLC ("COR Clearing"), by its attorneys, for its Complaint against Defendant David H. Jarvis ("Mr. Jarvis" or Defendant"), alleges as follows:

**NATURE OF THIS ACTION**

1. Defendant David H. Jarvis has breached, and continues to breach, the most sacrosanct of fiduciary relationships: the duties owed to the client by its attorney to maintain inviolate client confidences during and after the attorney-client relationship. For nearly three (3) years, Mr. Jarvis was the General Counsel of COR Clearing and was privy to innumerable client confidences and strategies.

2. However, COR Clearing has recently learned, both directly from Mr. Jarvis and from others, that Mr. Jarvis repeatedly breached his duties both while employed at COR Clearing and since his departure. As set forth more fully below, COR Clearing has learned within the last eighteen months that Mr. Jarvis repeatedly shared confidential attorney-client information and confidences with non essential employees at COR Clearing for his own personal benefit and that of the employees, and since his departure is now using his former client's confidential attorney-client information and confidences in his representation of new clients who are adverse to COR Clearing.

1

3. This action is based on the Defendant's unlawful use of COR Clearing's confidential attorney-client information and confidences and the damages caused by that conduct, as well as seeking an injunction to prevent Defendant from continuing in this conduct that violently breaches the most sacred duties owed by Mr. Jarvis to his former employer and client, COR Clearing.

## THE PARTIES

4. Plaintiff COR Clearing, LLC is a Delaware limited liability company with its principal place of business in Omaha, Nebraska.

5. On information and belief, Defendant David H. Jarvis is a citizen of the State of Florida who resides in Tampa, Florida. On information and believe, Mr. Jarvis may be served with process at 8438 Dunham Station Dr., Tampa, FL 33647.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332(a), as Plaintiff is Delaware limited liability company with its principal place of business in Omaha, Nebraska and Defendant David H. Jarvis is a resident of Florida, and the aggregate amount in controversy exceeds the jurisdictional amount of $75,000.00.

7. This Court has subject matter jurisdiction over the claims in this Complaint pursuant to 28 U.S.C. §§ 1332.

8. Venue is appropriate in this District because the acts and occurrences that are the subject matter of the claims at issue occurred in whole or substantial part in the District.

9. This Court has personal jurisdiction over Defendant because Defendant's obligations and duties to Plaintiff COR Clearing arise out of his employment with Plaintiff COR Clearing as its General Counsel, Plaintiff provided legal services to COR Clearing in this state, and Defendant's conduct was knowingly and intentionally directed at Plaintiff COR Clearing. COR Clearing has its principal place of business in this District. Because of Defendant's significant contacts with this forum, assertion of jurisdiction to remedy Defendant's conduct does not offend traditional notions of fair play and substantial justice.

COMPLAINT

## THE PARTIES

### COR Clearing

10. COR Clearing is an independent full-service clearing and settlement firm. COR Clearing serves approximately 75 introducing brokers in all 50 states and holds assets in custody exceeding $5 billion. COR Clearing provides technology, administrative services and product offerings through multiple customized platforms. In addition, it provides correspondents with introductions to capital providers, issuers, compliance, capital markets specialists along with other front and back-office functions. It seeks to reduce settlement, compliance and legal risks to its correspondents while enhancing their ability to realize the full value of their business relationships. COR Clearing acquired Legent Clearing, LLC in January 2012.

11. COR Clearing operates in a highly regulated industry where legal issues constantly arise and in-house legal guidance is necessary to ensure compliance with both industry and regulatory requirements.

### COR Clearing's Former General Counsel David Jarvis

**A. Mr. Jarvis was Employed at COR Clearing as an Attorney and, Therefore, Has an Ethical Obligation Not to Disclose COR Clearing's Confidential or Legally Privileged Information**

12. Commencing on or about December 31, 2009, Mr. Jarvis was employed as an attorney for Legent Clearing, with the job title General Counsel. He continued in that role upon COR Clearing's acquisition of Legent Clearing and its operations as COR Clearing. (Hereinafter, COR Clearing and Legent Clearing are collectively referred to as "COR Clearing.")

13. As an attorney and General Counsel, Mr. Jarvis was employed and engaged by COR Clearing to provide, and did provide, legal representation to COR Clearing, and thereby established an attorney-client relationship between Mr. Jarvis, on the one hand, and COR Clearing, on the other hand.

14. As an attorney and General Counsel employed by COR Clearing, and pursuant to the attorney-client relationship between Mr. Jarvis, on the one hand, and COR Clearing, on the other

hand, confidential attorney-client communications, written and verbal, occurred between Mr. Jarvis and COR Clearing.

15. As an attorney and General Counsel employed by COR Clearing, and pursuant to the attorney-client relationship between Mr. Jarvis, on the one hand, and COR Clearing, on the other hand, Mr. Jarvis obtained knowledge of confidential attorney-client communications, written and verbal, between employees within COR Clearing in the course of providing COR Clearing with advice and counseling.

16. As an attorney and General Counsel employed by COR Clearing, and pursuant to the attorney-client relationship between Mr. Jarvis, on the one hand, and COR Clearing, on the other hand, COR Clearing communicated to Mr. Jarvis its confidential trade and business secrets and other confidential business information, including but not limited to COR Clearing's dispute resolution and litigation strategies for use by Mr. Jarvis in his legal representation of COR Clearing.

17. As an attorney and General Counsel employed by COR Clearing, and pursuant to the attorney-client relationship between Mr. Jarvis, on the one hand, and COR Clearing, on the other hand, Mr. Jarvis had access to, obtained and generated information and documents protected by the attorney work product doctrine.

B. **Mr. Jarvis Violated His Ethical and Contractual Obligations Not to Disclose COR Clearing's Confidential or Legally Privileged Information**

18. Following his departure from COR Clearing on or about September 30, 2012, Mr. Jarvis began practicing law at the residential address of 8438 Dunham Station Dr., Tampa, FL 33647. This is the address that Mr. Jarvis had and still has listed with the Michigan State Bar as his public address of record as an active attorney. COR Clearing is informed and believes, and thereupon alleges, that Mr. Jarvis has owned the property listed at that address since approximately 2008.

19. In May 2013, COR Clearing was contacted by Mr. Jarvis. In that communication, Mr. Jarvis identified himself as the attorney for an industry entity that was and is a client of COR Clearing ("Jarvis New Client No. 1"). In that capacity, Mr. Jarvis revealed that he was representing

Jarvis New Client No. 1 in a position adverse to COR Clearing, and was advising COR Clearing's customer/Jarvis New Client No. 1 on substantially related matter to advice and counseling Mr. Jarvis provided to COR Clearing as its General Counsel.  As a result, Mr. Jarvis had engaged in a representation on a substantially related matter in which his new client's interests were and are materially adverse to the interests of COR Clearing, Mr. Jarvis' former client.

20.     Moreover, based upon positions taken by Mr. Jarvis in the course of that representation, it appeared that Mr. Jarvis had disclosed COR Clearing's confidential information and strategies to Jarvis New Client No. 1 in order to assist his new client in its dispute with COR Clearing.

21.     Additionally, in June 2013, COR Clearing was again contacted by Mr. Jarvis.  In that communication, Mr. Jarvis also identified himself as the attorney for a second and different industry entity that was and is a client of COR Clearing ("Jarvis New Client No. 2").  In that capacity, Mr. Jarvis revealed that he was representing Jarvis New Client No. 2 in a position adverse to COR Clearing, and was advising COR Clearing's customer/Jarvis New Client No. 2 on substantially related matter to advice and counseling Mr. Jarvis provided to COR Clearing as its General Counsel.  As a result, Mr. Jarvis had engaged in a representation on a substantially related matter in which his new client's interests were and are materially adverse to the interests of COR Clearing, Mr. Jarvis' former client.

22.     Moreover, based upon positions taken by Mr. Jarvis in the course of that representation, it appeared that Mr. Jarvis had disclosed COR Clearing's confidential information and strategies to Jarvis New Client No. 2 in order to assist his new client in its dispute with COR Clearing.

23.     Additionally, COR Clearing has uncovered multiple instances of Mr. Jarvis breaching his ethical duties to COR Clearing while still employed at COR Clearing.  As General Counsel, Mr. Jarvis was privy to and involved in communications with the Board of Directors and its members.  Indeed, one of Mr. Jarvis' functions as General Counsel was to communicate with the Board on legal issues and provide input based on his role as attorney to the Company.  Likewise, Mr. Jarvis advised

senior management regarding, and was privy to discussions relating to, compliance, employment and employees decisions. Mr. Jarvis breached his duty of confidentiality, and placed the privileged communications at risk, by distributing and forwarding privileged communications to non-essential employees regarding legal matters being discussed by the Board of Directors. Moreover, since his departure, Mr. Jarvis has continued to disclose information learned and obtained by him in the course of privileged communications and such disclosures are and continue to be unauthorized and not consented to by COR Clearing, his former client.

24. During the course of his employment as General Counsel, Mr. Jarvis improperly shared confidential information with COR Clearing employees for his own personal benefit and that of the employees, and to the detriment of COR Clearing, when the disclosure was inappropriate and not necessary for Mr. Jarvis to properly serve his client, COR Clearing.

25. During the course of his employment as General Counsel, Mr. Jarvis improperly shared confidential information with COR Clearing employees for his own personal benefit and that of the employees, and to the detriment of COR Clearing, when the disclosure was inappropriate and not necessary for Mr. Jarvis to properly serve his client, COR Clearing.

26. Mr. Jarvis made the foregoing disclosures without COR Clearing's consent and authorization.

27. COR Clearing is informed and believes that Mr. Jarvis's conduct in making the foregoing disclosures violated his duties to COR Clearing under the Rules of Professional conduct in the state in which he resides but is not licensed (Florida) as well as in the state in which he is licensed but does not reside (Michigan).

28. Mr. Jarvis's improper disclosures of COR Clearing's confidential or legally privileged information have significantly disadvantaged COR Clearing in its dealings with adversaries and also damaged COR Clearing's relationships with its customers and consequently its reputation in the industry. Mr. Jarvis' conduct has also fueled and continues to incite and inflame litigation against COR Clearing.

COMPLAINT

29. COR Clearing anticipates that if Mr. Jarvis is not enjoined from disclosing COR Clearing's confidential or legally privileged information by way of a court injunction, as requested herein, COR Clearing will suffer additional harm caused by Mr. Jarvis's wrongdoing, including among other harm, additional revelation of privileged communications which he is not authorized to disclose.

30. COR Clearing has also learned within the last 30 days, directly from Mr. Jarvis, that he was intentionally and knowingly untruthful in his responses to questions posed to him by COR Clearing senior management in the course and scope of his employment as General Counsel, and that his untruthful responses concealed material information from COR Clearing that should have been disclosed to COR Clearing in order to assess risk, exposure, and evaluate its course of action.

31. Furthermore, at all times herein, Mr. Jarvis held himself out to be an attorney authorized to act as General Counsel for COR Clearing while officed in COR Clearing's former Tampa, Florida office. However, in the course of investigating Mr. Jarvis' post-departure representation of new clients in matters adverse to COR Clearing, COR Clearing became aware that Mr. Jarvis is neither a member of the State Bar of Florida nor is he Authorized House Counsel under the Bar's program for attorneys residing in Florida while acting as in-house counsel. As such, completely unbeknownst to COR Clearing, it appears that Mr. Jarvis has been and continues to be engaging in the unauthorized practice of law in Florida.

## FIRST CLAIM FOR RELIEF

**(Breach of Fiduciary Duty Against All Defendants)**

32. COR Clearing re-alleges and incorporates by reference each and every allegation contained in foregoing paragraphs as though fully set forth herein.

33. From December 31, 2009 to September 30, 2012, Mr. Jarvis was the General Counsel of COR Clearing. As such, he was a fiduciary to COR Clearing, and in that role participated in and

had access to confidential and privileged communications to which he owed COR Clearing the duty to maintain as privileged and inviolate during his employment and at all times thereafter.

34. Starting no later than March 2012 and continuing thereafter, Mr. Jarvis breached his fiduciary duties to COR Clearing including but not limited to his duty to maintain client confidences, his duty to not use client information and attorney work product for purposes other than that for which it was shared with him, and his duty to not use information learned in the course of his employment with COR Clearing when advising and counseling other clients following his departure from COR Clearing.  Mr. Jarvis breached his duties by engaging in the conduct described above, including but not limited to improperly disclosing client confidences to unnecessary employees while at COR Clearing, and by representing new clients adverse to COR Clearing on substantially the same types of disputes regarding which he had counseled, advised and devised strategy for COR Clearing, during the course of which he necessarily used and disclosed confidential COR Clearing confidences and work product for the advantage of his new clients.

35. In engaging in this conduct, at a minimum Mr. Jarvis violated Michigan Rules of Professional Conduct, Rule 1.6(b)(1) and (2), Rule 1.6(d), Rule 1.8(b), Rule 1.9(b)(1) and (2), Rule 1.9(c)(1) and (2) as well as Rule 4-1.7(a)(2), Rule 4-1.9(a) and (b) of the Rules Regulating the Florida Bar.

36. Mr. Jarvis also breached his fiduciary duties to COR Clearing by responding untruthfully to inquiries posed to him by COR Clearing Board members that were necessary for COR Clearing to assess risk, exposure and evaluate its course of action.  Mr. Jarvis did so because he perceived the concealment of the truth to be in his own personal best interest.  Mr. Jarvis' deliberate, knowing and intentional withholding and concealing of material information in response to inquiries posed to him prevented COR Clearing from making informed choices about its course of action at many levels, and has subjected COR Clearing and its senior management to claims that could have been avoided had Mr. Jarvis been truthful and honest.

37. Mr. Jarvis' conduct has caused substantial harm to COR Clearing, the damages arising from which will be proven at trial.

38. Additionally, unless enjoined by this Court, COR Clearing is informed and believes and on this information and belief alleges that Mr. Jarvis will continue his pattern of disclosing and/or threatening to disclose COR Clearing's confidential and proprietary information, including but not limited to confidential attorney-client communications between Mr. Jarvis, on the one hand, and COR Clearing, on the other hand, and COR Clearing's trade and business secrets, as alleged herein.

39. Unless Mr. Jarvis's conduct as described herein is enjoined, COR Clearing will suffer imminent and irreparable harm to which no adequate remedy at law exists. Specifically, and among other things, COR Clearing will forever lose the confidentiality of its trade and business secrets and attorney-client communications with Mr. Jarvis. As a result, COR Clearing will be disadvantaged in the industry and COR Clearing's competitors will be able to unfairly compete with COR Clearing and to interfere with its business relationships. Also as a result, and as already demonstrated, the continued dissemination of COR Clearing's confidential or legally privileged information will likely lead to additional meritless litigation by parties adverse to COR Clearing. Significantly, Mr. Jarvis's disclosures and threatened future disclosures of confidential or legally privileged information pertaining to COR Clearing's litigation strategies will provide present and future plaintiffs pursuing litigation against COR Clearing with confidential or legally privileged strategic information and, thus, compromise COR Clearing's ability to defend itself in disputes and in court. COR Clearing also will suffer further loss of business reputation and good will.

40. The balance of hardships weighs heavily in COR Clearing's favor. Far greater injury would be inflicted upon COR Clearing by the denial of the requested injunction than would be inflicted upon Mr. Jarvis, any third parties and the public at-large by requiring Mr. Jarvis to comply with his legal and ethical obligations not to disclose COR Clearing's confidential or legally privileged information. COR Clearing cannot be compensated for the damage done by the disclosure of confidential and/or attorney-client communications between Mr. Jarvis, on the one hand, and COR Clearing, on the other hand, the disclosure of confidential and/or attorney-client communications within COR Clearing. In contrast, Mr. Jarvis will not suffer any harm should the

requested injunction be granted because he is already ethically and legally obligated not to disclose COR Clearing's confidential or legally privileged information. Third parties and the public at-large will also not suffer any harm should the requested injunction be granted. First, the injunction only requests that Mr. Jarvis's conduct be restrained. Second, it is in the public interest that attorneys be required to comply with their ethical and legal obligations pertaining to the confidentiality of their attorney-client communications.

41. COR Clearing is informed and believes that this Court has grounds to issue a preliminary, as well as a permanent injunction because it is likely that COR Clearing will succeed on the merits of its claim for a permanent injunction. Mr. Jarvis has exhibited a demonstrated and continued practice of violating the ethical and legal obligations that he owes to COR Clearing by repeatedly disclosing or threatening to disclose COR Clearing's confidential or legally privileged information.

## SECOND CLAIM FOR RELIEF

### (Negligence Against All Defendants)

42. COR Clearing re-alleges and incorporates by reference each and every allegation contained in foregoing paragraphs as though fully set forth herein.

43. Based on his position as attorney and General Counsel for COR Clearing from December 31, 2009 to September 30, 2012, Mr. Jarvis had and continues to owe a duty of care to COR Clearing to not disclose confidential or legally privileged information and/or strategies obtained, learned, developed or utilized by COR Clearing to which Mr. Jarvis became privy in the course of his employment as attorney and General Counsel other than for reasons that served the interests of COR Clearing.

44. Mr. Jarvis breached that duty of care by engaging in the conduct alleged herein, including but not limited to, disclosing confidential or legally privileged information and/or strategies obtained, learned, developed or utilized by COR Clearing to which Mr. Jarvis became

privy in the course of his employment as attorney and General Counsel to non-essential employees while still employed at COR Clearing to the detriment of COR Clearing.

45. Mr. Jarvis also breached that duty of care by engaging in the conduct alleged herein, including but not limited to, disclosing confidential or legally privileged information and/or strategies obtained, learned, developed or utilized by COR Clearing to which Mr. Jarvis became privy in the course of his employment as attorney and General Counsel to third parties, including but not limited to newly acquired clients and former employees of COR Clearing, without COR Clearing's consent.

46. Mr. Jarvis' breach of his duty of care has substantially harmed COR Clearing, the damages arising from which will be proven at trial.

### THIRD CLAIM FOR RELIEF

**(Injunctive Relief Against All Defendants)**

47. COR Clearing re-alleges and incorporates by reference each and every allegation contained in foregoing paragraphs as though fully set forth herein.

48. Based on his position as attorney and General Counsel for COR Clearing from December 31, 2009 to September 30, 2012, Mr. Jarvis had and continues to owe a duty of care to COR Clearing to not disclose confidential or legally privileged information and/or strategies obtained, learned, developed or utilized by COR Clearing to which Mr. Jarvis became privy in the course of his employment as attorney and General Counsel other than for reasons that served the interests of COR Clearing.

49. Mr. Jarvis has disclosed confidential or legally privileged information and/or strategies obtained, learned, developed or utilized by COR Clearing to which Mr. Jarvis became privy in the course of his employment as attorney and General Counsel to third parties for their benefit and to secure third parties as his clients, and has and is using attorney-client privileged communications and work product information to advise his new clients and represent them in matters adverse to COR Clearing.

50. COR Clearing is suffering from irreparable harm as a result of this conduct for which no money damages are sufficient. COR Clearing will be disadvantaged in the industry and COR Clearing's competitors will be able to unfairly compete with COR Clearing and to interfere with its business relationships. Also as a result, and as already demonstrated, the continued dissemination of COR Clearing's confidential or legally privileged information will likely lead to additional meritless litigation by parties adverse to COR Clearing. Significantly, Mr. Jarvis's disclosures and threatened future disclosures of confidential or legally privileged information pertaining to COR Clearing's litigation strategies will provide present and future plaintiffs pursuing litigation against COR Clearing with confidential or legally privileged strategic information and, thus, compromise COR Clearing's ability to defend itself in disputes and in court. COR Clearing also will suffer further loss of business reputation and good will.

51. The balance of hardships weighs heavily in COR Clearing's favor. Far greater injury would be inflicted upon COR Clearing by the denial of the requested injunction than would be inflicted upon Mr. Jarvis, any third parties and the public at-large by requiring Mr. Jarvis to comply with his legal and ethical obligations not to disclose COR Clearing's confidential or legally privileged information. COR Clearing cannot be compensated for the damage done by the disclosure of confidential and/or attorney-client communications between Mr. Jarvis, on the one hand, and COR Clearing, on the other hand, the disclosure of confidential and/or attorney-client communications within COR Clearing. In contrast, Mr. Jarvis will not suffer any harm should the requested injunction be granted because he is already ethically and legally obligated not to disclose COR Clearing's confidential or legally privileged information. Third parties and the public at-large will also not suffer any harm should the requested injunction be granted. First, the injunction only requests that Mr. Jarvis's conduct be restrained. Second, it is in the public interest that attorneys be required to comply with their ethical and legal obligations pertaining to the confidentiality of their attorney-client communications.

52. COR Clearing is informed and believes that this Court has grounds to issue a preliminary, as well as a permanent injunction because it is likely that COR Clearing will succeed on

the merits of its claim for a permanent injunction. Mr. Jarvis has exhibited a demonstrated and continued practice of violating the ethical and legal obligations that he owes to COR Clearing by repeatedly disclosing or threatening to disclose COR Clearing's confidential or legally privileged information.

## PRAYER FOR RELIEF

WHEREFORE, COR Clearing prays for judgment against Mr. Jarvis as follows:

1. That pending the final hearing of this case, this Court issue an order for a preliminary injunction enjoining Mr. Jarvis from doing any of the following:

    (a) Disclosing, directly or indirectly, in any manner any confidential attorney-client communications, written or verbal between Mr. Jarvis and COR Clearing and/or its predecessor entity, Legent Clearing;

    (b) Disclosing, directly or indirectly, in any manner any confidential attorney-client communications, written or verbal, that belong to COR Clearing that Mr. Jarvis acquired knowledge through his employment as an attorney by COR Clearing and legal representation of COR Clearing and/or its predecessor entity, Legent Clearing;

    (c) Disclosing, directly or indirectly, in any manner any confidential documents, materials or information, written or verbal, regarding the business affairs of COR Clearing and/or its predecessor entity, Legent Clearing of which Mr. Jarvis acquired knowledge through (1) his employment as an attorney by COR Clearing and/or its predecessor entity, Legent Clearing and (2) legal representation of COR Clearing and/or its predecessor entity, Legent Clearing;

    (d) Disclosing, directly or indirectly, in any manner any confidential documents, materials or information, written or verbal, regarding the business affairs of companies affiliated with COR Clearing, of which Mr. Jarvis acquired knowledge

through his employment as an attorney by COR Clearing and legal representation of COR Clearing;

(e) Disclosing, directly or indirectly, in any manner any confidential communications, documents, materials or information, written or verbal, protected from disclosure by the Rules of Professional conduct governing Mr. Jarvis and the attorney-client privilege;

(f) Advising, counseling, representing or otherwise providing legal services of any kind or in any manner, directly or indirectly, to any person or entity that has interests adverse or potentially adverse to Legent Clearing, LLC n/k/a/ COR Clearing, LLC or any of its affiliates including but not limited COR Securities, LLC and COR Capital, LLC.

2. That upon the final hearing of this case, this Court issue an order for a permanent injunction enjoining Mr. Jarvis from doing any of the following:

(a) Disclosing, directly or indirectly, in any manner any confidential attorney-client communications, written or verbal between Mr. Jarvis and COR Clearing and/or its predecessor entity, Legent Clearing;

(b) Disclosing, directly or indirectly, in any manner any confidential attorney-client communications, written or verbal, that belong to COR Clearing that Mr. Jarvis acquired knowledge through his employment as an attorney by COR Clearing and legal representation of COR Clearing and/or its predecessor entity, Legent Clearing;

(c) Disclosing, directly or indirectly, in any manner any confidential documents, materials or information, written or verbal, regarding the business affairs of COR Clearing and/or its predecessor entity, Legent Clearing of which Mr. Jarvis acquired knowledge through (1) his employment as an attorney by COR Clearing and/or its predecessor entity, Legent Clearing and (2) legal representation of COR Clearing and/or its predecessor entity, Legent Clearing;

14

COMPLAINT

(d) Disclosing, directly or indirectly, in any manner any confidential documents, materials or information, written or verbal, regarding the business affairs of companies affiliated with COR Clearing, of which Mr. Jarvis acquired knowledge through his employment as an attorney by COR Clearing and legal representation of COR Clearing;

(e) Disclosing, directly or indirectly, in any manner any confidential communications, documents, materials or information, written or verbal, protected from disclosure by the Rules of Professional conduct governing Mr. Jarvis and the attorney-client privilege;

(f)     For a period of three (3) years, advising, counseling, representing or otherwise providing legal services of any kind or in any manner, directly or indirectly, to any person or entity that has interests adverse or potentially adverse to Legent Clearing, LLC n/k/a/ COR Clearing, LLC or any of its affiliates including but not limited COR Securities, LLC and COR Capital, LLC.

3. For damages;

4. For costs of suit incurred herein; and,

5. For such other and further relief as the Court deems just and proper.

## Jury Demand

Plaintiff COR Clearing, LLC demands a trial by jury on all issues so triable.  Plaintiff COR Clearing, LLC requests that the trial take place in Omaha, Nebraska.

Respectfully submitted this 18th day of September, 2013

          COR Clearing, LLC, Plaintiff

By:     s/ Michael Hilgers
      Michael T. Hilgers (#24483)
      mhilgers@goberhilgers.com
      Carrie S. Dolton (#24221)
      cdolton@goberhilgers.com
      GOBER HILGERS PLLC

14301 FNB Parkway, Suite 100
Omaha, NE 68154
Telephone: 402.218.2106
Facsimile: 877.437.5755

David L. Aronoff*
daronoff@winston.com
Gayle I. Jenkins*
gjenkins@winston.com
WINSTON & STRAWN LLP
333 S. Grand Avenue, 38th Floor
Los Angeles, CA 90071-1543
Telephone: (213) 615-1700
Facsimile: (213) 615-1750

* *pro hac vice* applications forthcoming

*Attorneys for Plaintiff, COR Clearing, LLC*