IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| COR CLEARING, LLC,<br><br>    Plaintiff,<br><br>vs.<br><br>DAVID H. JARVIS,<br><br>    Defendant. | 8:13CV292<br><br>ORDER |

This matter is before the court on the plaintiff's Motion for Reconsideration of Filing No. 26 (Filing No. 27). The plaintiff filed a brief (Filing No. 28) and an index of evidence (Filing No. 29) in support of the motion. The defendant filed a brief (Filing No. 33) and an index of evidence (Filing Nos. 34-36) in opposition to the motion. The plaintiff filed a brief (Filing No. 37) in reply.

## BACKGROUND

The plaintiff brought suit against the defendant for breach of a fiduciary relationship. *See* Filing No. 1 - Complaint ¶ 1. The plaintiff, a clearing broker, is "an independent full-service clearing and settlement firm," providing "technology, administrative services and product offerings through multiple customized platforms" to "approximately 75 introducing brokers." *Id.* ¶ 10; *see* Filing No. 17 - Brief p. 7 n.1. An introducing broker has a direct relationship with an investing client and delegates the work of the floor operation, trade execution, and handling of securities and money to a clearing broker. *See* Filing No. 17 - Brief p. 7 n.1.

In January 2012, the plaintiff acquired Legent Clearing. *See* Filing No. 1 - Complaint ¶ 10. The defendant had been employed by Legent Clearing since December 31, 2009, as the Executive Vice President and General Counsel, and continued to work for the plaintiff as an employee, an attorney, and as General Counsel or Deputy General Counsel, until September 30, 2012. *Id.* ¶ 12; *see* Filing No. 17 - Brief p. 2-3.

The defendant was an independent contractor for the plaintiff from October 1, 2012, until December 31, 2012. *See* Filing No. 17 - Brief p. 3. As part of the change in

his status, in October 2012, the defendant signed a Separation Agreement and General Release, including a Contractor Agreement. **See** Filing No. 23 - Ex. 1(A).

In late 2012 and early 2013, more than one of the plaintiff's introducing brokers, independent of their relationships with the plaintiff, became clients of the defendant. **See** Filing No. 17 - Brief p. 7; **see also** Filing No. 1 - Complaint ¶¶ 18-22. The plaintiff alleges that in May and June 2013, the defendant contacted the plaintiff by identifying himself as the attorney for two of the plaintiff's clients. **See** Filing No. 1 - Complaint ¶¶ 19, 21. In these communications, the defendant represented the clients in disputes against the plaintiff. *Id.* ¶¶ 19-22. The plaintiff alleges the defendant "appeared" to have disclosed the plaintiff's confidential information and strategies to the clients to assist them in their disputes against the plaintiff. *Id.* ¶¶ 20, 22.

The plaintiff also alleges it has "uncovered multiple instances" of the defendant disclosing information he received during privileged legal communications with the plaintiff's Board of Directors to non-essential employees, placing the communications at risk while he was still employed with the plaintiff. *Id.* ¶¶ 23-24. The plaintiff alleges the defendant has continued to disclose privileged communications since his departure. *Id.* ¶ 23. The plaintiff contends these disclosures significantly disadvantaged the plaintiff in dealings with its adversaries and damaged its relationships with clients. *Id.* ¶ 28. Based on these allegations, the plaintiff asserts claims for breach of fiduciary duty (Claim 1) and negligence (Claim 2) against the defendant. *Id.* at 7-11. Additionally, the plaintiff seeks injunctive relief forbidding the defendant from disclosing confidential attorney-client communications and confidential documents and information. *Id.* at 11-14.

Prior to filing an answer, the defendant sought a stay of all proceedings pending arbitration. **See** Filing Nos. 16, 18. Specifically, the defendant argued the parties are bound to arbitrate by virtue of the plaintiff's broker-dealer license through the United States Securities and Exchange Commission (SEC) and the Financial Industry Regulatory Authority (FINRA). **See** Filing No. 17 - Brief p. 10. The plaintiff initially denied the applicability of FINRA because of the defendant's change in employment status. **See** Filing No. 21 - Response p. 2-3.

On January 9, 2014, the court entered an order staying the litigation proceedings and compelling the parties to engage in arbitration.  **See** Filing No. 26.  The court determined the parties are subject to arbitration pursuant to FINRA rules because the plaintiff is a FINRA member, the defendant is "a person formerly associated with a member," and "the dispute arises out of the business activities of a member or an associated person."  FINRA R. 13100(r); FINRA R. 13200(a).

On January 31, 2014, the plaintiff filed the instant motion for reconsideration of the court's January 9, 2014, order compelling arbitration.  **See** Filing No. 27.  The plaintiff contends that, although it diligently sought to arbitrate, a FINRA representative informed the plaintiff FINRA has limited jurisdiction over the defendant and any award may be unenforceable.  **See** Filing No. 28 - Brief p. 1.  Based on this information from FINRA, the plaintiff argues arbitration is futile.  *Id.* at 1, 4-5.  The plaintiff also argues the parties' dispute does not relate to FINRA rules or regulations and FINRA has no disciplinary authority over attorneys who appear before it.  *Id.* at 3.

### ANALYSIS

The plaintiff filed the motion for reconsideration pursuant to Federal Rule of Civil Procedure 60(b).

> Motions for reconsideration serve a limited function:  to correct manifest errors of law or fact or to present newly discovered evidence.  They are not to be used to introduce new evidence that could have been adduced during pendency of the motion at issue . . . [or] to tender new legal theories for the first time.

***Arnold v. ADT Sec. Servs., Inc.***, 627 F.3d 716, 721 (8th Cir. 2010) (internal citation and quotation marks omitted).  Under the rule, a court may reconsider a previous order based on additional facts or a change of circumstances.  **See *Peter Kiewit Sons', Inc. v. Wall St. Equity Grp., Inc.***, No. 8:10CV365, 2012 WL 5400037, *4 (D. Neb. Nov. 5, 2012).

Reconsideration is appropriate where the movant shows entitlement to relief under at least one of the following conditions:

(1) mistake, inadvertence, surprise, or excusable neglect;

3

  (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
  (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
  (4) the judgment is void,
  (5) the judgment has been satisfied . . .; or
  (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

  The plaintiff states the motion is based on newly discovered evidence, which did not exist prior to the court issuing the January 9, 2014, order compelling arbitration. **See** Filing No. 28 - Brief p. 1, 4-7. The plaintiff argues the new evidence is relevant to the court's decision because it is evidence the arbitration will be futile. *Id.* Further the plaintiff argues the arbitration is futile because:

> Plaintiff may not be able to recover against Defendant in the FINRA forum, which supports Plaintiff's position that this matter -- which is a dispute between COR and its former general counsel that does not invoke or require application of any FINRA rules or regulations -- should not be ordered to arbitration.

*Id.* at 6.

  The new information offered by the plaintiff fails to provide justification for reconsideration of the court's January 9, 2014, order compelling arbitration. The plaintiff acknowledges the information merely "supports" the plaintiff's prior equity argument opposing arbitration. The plaintiff's equity and futility arguments unsuccessfully rebut the relevant legal considerations for determining whether to compel a dispute to arbitration.

  A dispute falling within the scope of a valid arbitration agreement must be submitted to arbitration. **See *Simmons Foods, Inc. v. H. Mahmood J. Al-Bunnia & Sons Co.***, 634 F.3d 466, 468 (8th Cir. 2011). In this case, the parties are subject to arbitration pursuant to FINRA rules because the plaintiff is a FINRA member, the defendant is "a person formerly associated with a member," and "the dispute arises out of the business activities of a member or an associated person." FINRA R. 13100(r); FINRA R. 13200(a). Under the broad language of the rules, the parties' dispute is subject to arbitration under FINRA, as elected by the defendant. This court cannot

4

abridge the plaintiff's agreement to arbitrate under the circumstances. The limited jurisdiction of the arbitration forum and its means of enforcing a judgment are not relevant to the court's analysis, whether or not the plaintiff recently discovered the limitations. Upon consideration,

**IT IS ORDERED**:

The plaintiff's Motion for Reconsideration of Filing No. 26 (Filing No. 27) is denied.

## ADMONITION

Pursuant to NECivR 72.2 any objection to this Order shall be filed with the Clerk of the Court within fourteen (14) days after being served with a copy of this Order. Failure to timely object may constitute a waiver of any objection. The brief in support of any objection shall be filed at the time of filing such objection. Failure to file a brief in support of any objection may be deemed an abandonment of the objection.

Dated this 7th day of April, 2014.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge

5